2. Admitting that the modo et forma helps the repugnancy, still the plea is bad, 36 H., 8, 13. Where a traverse is modo et forma it is as *Page 673 
if all had been particularly expressed. And if it had been particularly expressed, absque hoc cognovit se deliberare, 30 Nov. 20 Jac. it is not well; for notwithstanding that this traverse be good, still we have a cause of action, for perhaps it was on the 10th of July. 18 H., 7; Kell., 50, in a quare impedit.
3. In the allegation, viz., that no award was made after the 28th of April and before the 10th of June, they have not excluded the 28th of April, and perhaps the award was done on that day, and is to be performed. 4 Rep., 14, Buckley's case; 22 El.; 4 El., Dallison's reports. In 31 Eliz. it was resolved, that where the statute is, that a deed shall be enrolled within six months after the date, if it be enrolled on the day of the date, it is well enough.
4. He has not performed the words of the condition, which were to perform an award made before Whitsunday, being the 1st of June, and perhaps Whitsunday was on another day, in which case, utile per inutile nonvitiatur. But Whitsunday shall be the day, in the performance of the condition.
I agree that if the award be made on the same day as that of the date of the *bond, although the words be that the award is to be made after the date, still it is well, and 5 Rep., Clayton's case, has been often overruled (he did not particularize any case.) I have seen a case adjudged where an act was to be done within eleven days after the date, and the other pleaded that it was not done within eleven days, after the day of the date, and the plea was adjudged bad, and the traverse repugnant.